FILED
January 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003189939

3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan Didriksen
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ROGER MARVIN BARKHURST, JR.
and TRACY ANN BARKHURST

Debtors.

Case No. 10-30648-C-7
Chapter 7

DNL-2

Date: February 1, 2011
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
501 I Street, 6th Floor
Sacramento, CA. 95814

**MOTION TO APPROVE SALE OF REAL PROPERTY:
3391 OLD ORCHARD LANE, LOOMIS, CA 95650**

SUSAN DIDRIKSEN ("Trustee"), hereby moves for approval of the sale of real property commonly known as 3391 Old Orchard Lane, Loomis, CA 95650 ("3391 Old Orchard Lane"), identified as Placer County A.P. # 037-041-025-000 and consisting of approximately 1.1 acres on which exists a 4 bedroom, 2 bath residential dwelling, to Margaret J. Anderson and James A. Slater ("Buyers") for $250,000, subject to bankruptcy court approval and over-bidding at the hearing on this motion. The sale will be free and clear of the interests of Robert Moggridge and Susan Moggridge, siblings of debtor Tracy Ann Barkhurst, pursuant to 11 U.S.C. §363(h). Trustee also seeks approval to pay Lyon Real Estate a commission of 6% as a Chapter 7 administrative expense and authorizing Trustee to pay same from escrow. In support of the motion, it is respectfully represented that:

1. This case was commenced by the filing of a voluntary Chapter 7 petition by

1

the debtors on April 23, 2010. Trustee is the duly appointed Chapter 7 trustee for the debtors' estate.

2. Among the assets of the estate is a one third interest in 3391 Old Orchard Lane, the former residence of Thomas Moggridge and Joyce Moggridge, the parents of debtor TRACY ANN BARKHURST.

3. On July 14, 2010, Trustee commenced Adversary Proceeding #10-02434 against Robert Moggridge and Susan Moggridge, siblings of debtor TRACY ANN BARKHURST, in which it was alleged that: (a) on December 17, 1991, Thomas Moggridge and Joyce Moggridge, husband and wife, created the Moggridge Family Trust ("MFT") by executing a declaration of trust; (b) the trustors passed away on October 28, 1997 and January 17, 2009, respectively; (c) pursuant to the terms of the MFT Declaration, Robert Moggridge, succeeded as trustee of the MFT upon the death of the surviving trustor, for the benefit of himself and his sisters; (d) the testamentary provisions of the MFT declaration provide, at Paragraph 5.06, that at "the surviving spouse's death, the trustee shall distribute the remaining trust estate," one-third each, to debtor Tracy Ann Barkhurst, Robert Moggridge and Susan Moggridge; and (e) on February 20, 2009, Robert Moggridge, in his capacity as successor trustee of MFT, caused to be recorded an Affidavit - Death of Trustees, with respect to the principal asset of the MFT, 3391 Old Orchard Lane. Among other things, Trustee seeks authority to sell 3391 Old Orchard Lane on account of Robert Moggridge's failure and refusal to make outright distribution of the 3391 Old Orchard Lane to the MFT beneficiaries, instead exclusively occupying and claiming said property to be his own, based upon care, comfort and support provided to the surviving trustor prior to her death.

4. On October 20, 2010, the parties stipulated to appointment of a Resolution Advocate and assignment to the Court's Bankruptcy Dispute Resolution Program. The parties have also agreed to sell 3391 Old Orchard Lane, reserving competing claims of interest to the net proceeds of sale.

5. On November 8, 2010, the Court granted SMD-1, Trustee's application for authority to employ Lyon Real Estate, a real estate broker, to list and sell 3391 Orchard Lane for a commission of 6% of the gross sale price.

6. Trustee and Robert Moggridge (hereinafter collectively "Sellers") on the one hand and Buyers on the other, by and through the efforts of Lyon Real Estate, have entered into a purchase

2

and sale agreement, including 2 addenda, the terms of which includes: (a) Buyers shall accept 3391 Orchard Lane in "as-is" condition; (b) Buyers have tendered a $5,000 deposit to Sellers, non-refundable in all events except if Buyers are overbid; (c) Buyers shall pay an additional $245,000 at close of escrow; and (d) Sellers shall pay title, escrow and county transfer tax and all liens against the 3391 Orchard Lane.

7. Trustee estimates that after payment of sales commission, taxes and fees, the net proceeds will be approximately $230,000.

8. Approving the sale is in the best interests of the estate.

WHEREFORE, Trustee prays for an order: (a) approving the sale pursuant to the terms of the purchase and sale agreement, and free and clear of the interests of Robert Moggridge, and Susan Moggrdige; (b) allowing Lyon Real Estate a 6% commission as a Chapter 7 administrative expense and authorizing Trustee to pay same from escrow, along with the title, escrow and county transfer tax; (c) authorizing Trustee to take all steps necessary to complete the transaction; and (d) such other and further relief as is necessary and proper.

DATED: January 5, 2011     DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By:_____

J. RUSSELL CUNNINGHAM
Attorney for Susan Didriksen
Chapter 7 Trustee